## Epp Estate

*Gifford, Graham, MacDonald & Illig*, for accountant.
*M. Fletcher Gornall*, for life beneficiary.
*Conrad A. Pearson*, for remainderman.

ROBERTS, P. J., March 24, 1958.—Decedent died January 19, 1946, leaving his will dated May 25, 1935, which was duly admitted to probate on January 24, 1946, and upon which letters testamentary were granted. On May 25, 1949, this court, in conformity with decedent's will, directed distribution of the residue to his named trustees. The corpus represented $274,-

376.18, and included, inter alia, 1,800 shares of stock of Epp Furniture Company, then valued at $180,000. The trustee's first and partial account, showing a balance of $309,601.33, is before us for audit.

The question presented to us for adjudication concerns the amount of income distributable to decedent's widow under paragraph 3 of the will which created the trust.

The presently material portion of that paragraph, which we are required to construe, is as follows:

"Paragraph 3 . . . To collect, receive, and recover the income . . . , and to pay out the same in monthly installments to my wife, Sarah H. Epp, during her lifetime, . . . *in such amounts as she may consider necessary for her proper maintenance and comfort* up to the entire income of said trust, . . ." (Italics supplied.)

The record discloses that decedent's widow is now 75 years of age, and during the year 1950, the first year of the trust, she received trust income of $11,500. Thereafter the annual distribution to her varied between that amount and $7,500. During the seven years covered by the account, she received total income of $70,250. In that same period the total trust income was $135,746.44, $118,800 from dividends, Epp Furniture Company stock. The evidence further establishes that in each of the years in question, decedent's widow received income from the trust generously sufficient to pay all her household and personal costs of living. During the same period the widow-beneficiary had total additional individual income, from her separate estate, of $20,314.61.

It is clear from the four corners of the will that decedent's wife was the primary object of his thoughtful concern and bounty, and that the trust was created primarily to provide "for her proper maintenance and comfort". Settlor directed that she was to receive, for

that purpose, income "in such amounts as she may consider necessary for her proper maintenance and comfort up to the entire income of said trust." This solicitous provision for her welfare expresses testator's dominant plan for his wife's full enjoyment of the benefits of his estate. He left it to her to decide for herself how much she considered necessary "for her proper maintenance and comfort." This does not limit her to mere necessities of life, but includes also those things which may bring her contentment and enjoyable living. Nor does it mean that she is given absolute power over income to be exercised arbitrarily and without restriction. She may not spend income merely for the purpose of depleting of the estate or defeating testator's intention. The use of income for her benefit is limited to her reasonable requirements, in keeping with all the attending circumstances and in harmony with the principles of good faith. This then is the amount that settlor directed his wife should receive from the trust. Income, which in her judgment, according to her prevailing standards and needs, adequately covers her wants and living comforts. She may not be required to accept less, so long as income is available, nor may she successfully demand more than this standard of distribution. Settlor placed complete confidence in her judgment as to use of income and in the absence of abuse of that confidence her bona fide determination is controlling.

The trustees in distributing income to Mrs. Epp may not reduce such distributions to her below the above standard on account of her additional personal income from her separate estate. Settlor directed that his trust provide for his wife sufficient income to maintain the desired level of comfort for her, and it is the duty of the trustees, so far as income is concerned, to make the required distribution to her without reference to her personal estate or any other source of income:

Short Estate, 6 D. & C. 2d 444. It is only in the distribution of corpus, if that should become necessary, that the trustees are vested with discretion.

We are satisfied, after careful consideration of the entire record, that distributions made to Sarah H. Epp during the years in question were proper, and that in each of those years she received all of the income legally distributable to her under the terms of the trust. We find nothing in the record before us that even remotely suggests that she is entitled to all of the income produced by the trust.

We are clearly of the opinion that under the language of the trust Mrs. Epp is entitled each year to distribution from income sufficient to provide for her comfortable living as reasonably determined by her. Such annual sums the trustees are authorized to distribute to her in regular monthly installments from current or accumulated income.

And now, to wit, March 24, 1958, an adjudication in conformity with the determinations herein made will be prepared.